PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee
### Superseding Petition for Summons for Offender Under Supervision
### [Supersedes Petition Filed as Docket Entry No. 35]

Name of Offender: Fabian M. Formosa, Jr.     Case Number: 3:11-00212

Name of Judicial Officer: The Honorable William J. Haynes, Jr., Chief U.S. District Judge

Date of Original Sentence: May 4, 2012

Original Offense: 18 U.S.C. §2250(a): Failure to Register Under the Sex Offender Registration and Notification Act

Original Sentence: 9 months' custody; 10 years' supervised release

Type of Supervision: Supervised Release     Date Supervision Commenced: July 6, 2012

Assistant U.S. Attorney: Carrie Daughtrey     Defense Attorney: Glenn Funk

## PETITIONING THE COURT

____ To issue a Summons.
____ To issue a Warrant.
**X** To Consider Additional Violations / Information

## THE COURT ORDERS:

☒ The Addition of Alleged Violations / Information
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

Considered this 17th day of September, 2012, and made a part of the records in the above case.

William J. Haynes, Jr.
Chief U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

Donna Jackson
Intensive Supervision Specialist

Place     Nashville, TN

Date     September 17, 2012

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 35, has been amended as follows:

    **Violation No. 7 - has been added to include new state charges.**

    **Violation No. 8 - has been added to include a new state charge.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.     Nature of Noncompliance

1. **The defendant shall refrain from any unlawful use of a controlled substance:**

    Mr. Formosa was given a drug screen on August 29, 2012, at the U.S. Probation Office. The test was positive for Cocaine. Mr. Formosa admitted he had been using cocaine for approximately three weeks.

2. **The defendant shall not illegally possess a controlled substance:**

    Mr. Formosa admitted to illegally possessing the controlled substance cocaine on several occasions over the past three weeks.

3. **The defendant shall not commit another federal, state, or local crime:**

    Mr. Formosa violated the law by possessing and using an illegal controlled substance cocaine. He also admitted he operated a motor vehicle under the influence of cocaine.

4. **The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment:**

    A residence contact was made at Mr. Formosa's approved address, Residential Recovery Center, 213 Central High Street, Dickson, Tennessee, on August 28, 2012. Another resident at the house advised Mr. Formosa had not been staying at that residence for the past three weeks. Mr. Paul Paradise, manager of the residence, confirmed Mr. Formosa left about three weeks prior. Mr. Formosa failed to notify the probation officer of any change in residence.

5. **The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer:**

    Mr. Formosa associated with a person engaged in criminal activity when he

purchased cocaine. He advised the individual he purchased cocaine from was on probation.

| | |
|---|---|
| 6. | **The defendant shall continue to register as a sex offender as prescribed by state and federal law:** |

Mr. Formosa did not update the sex offender registry within 48 hours of his change in residence, as prescribed by law.

| | |
|---|---|
| 7.<br>New violation | **The defendant shall not commit another federal, state, or local crime:**<br><br>On September 6, 2012 at approximately 0400 hours, the offender was stopped by Nashville Metro Police Department at the Vista Inn for littering from his vehicle. Mr. Formosa consented to a search of his person. The officer located around $20,000 on Mr. Formosa. The officer asked for consent to search Mr. Formosa's motel room. Mr. Formosa gave verbal consent. A white/brown substance was located in the ashtray. The substance field tested positive for cocaine base. The officer also located a syringe in the night stand along with chore boy in a clear plastic cup on the microwave. Mr. Formosa was charged with Unlawful Use of Drug Paraphernalia and Unlawful Possession of a Controlled Substance. On September 14, 2012, the paraphernalia charge was dismissed. Mr. Formosa pled guilty to the possession charge and was sentenced to time served. |
| 8.<br>New violation | **The defendant shall not commit another federal, state, or local crime:**<br><br>On August 25, 2012, a warrant was issued for Mr. Formosa by the Dickson County Sheriffs Office, Dickson, TN, for Sex Offender Registration Violation. The Affidavit was written by Officer Jim Webb and read as follows: "Fabian Formosa changed his primary residence on July 2012 to the Central High Street Recovery House at 213 Central High Street in Dickson. During the early days of August he requested over night passes from the recovery house. He did this several times and was finally told that he must return to the recovery house or be kicked out. On the 21st day of August he left the recovery house and has not returned. He called and told them that he could not pass a drug test because he was "dirty". He has not called me to inform where he is living at this time. He has a house in Nashville, but no one has been able to locate him. He has moved somewhere out of Dickson County and established a new residence without notifying me or anyone else. He is in violation of TCA 40-39-203", a Class E Felony. |

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Formosa began his supervised release on July 6, 2012, and he is currently scheduled to terminate supervision on July 5, 2022.

Upon his release from BOP custody, Mr. Formosa was approved to reside at 213 Central High Street, Dickson, Tennessee. This residence is called the Residential Recovery Center. Mr. Formosa was ordered to reside at a halfway house for fifteen months, but this could not be accommodated by the Diersen RRC due to state sex offender laws restricting the number of residents able to reside there at one time. Mr. Formosa has a long history of drug use and was therefore allowed to reside at the Residential Recovery Center.

Mr. Formosa and his attorney, Glenn Funk, reported to the probation office on August 29, 2012, to discuss his departure from the recovery center. During this meeting, Mr. Formosa proposed that he could go to Discovery Place, a residential treatment facility in Burns, Tennessee. Mr. Formosa was instructed to enter the treatment facility on this date and remain for a 90 day period. On August 31, 2012, this officer conducted a residence contact at Discovery Place. The Assistant Manager Justin Fowler informed that Mr. Formosa has not been in contact with them. After leaving the Discovery Place, this officer attempted to contact Mr. Formosa at his address in Nashville on Trimble Road. Mr. Formosa's truck was in the driveway, but no one answered the door.

**Mr. Formosa is currently in the custody of the Dickson County Sheriff's Office.**

### Update of Offender Characteristics:

There is no additional information relevant to this section that has not already been provided in this petition.

### U.S. Probation Officer Recommendation:

A warrant has already been issued for Fabian Formosa, and it is recommended that he appear before the Court to answer to the additional violation behavior outlined above.

Assistant U.S. Attorney Carrie Daughtrey concurs with the probation officer's recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. FABIAN FORMOSA, Jr, CASE NO. 3:11-00212

**GRADE OF VIOLATION:** B
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:** Post April 30, 2003     Protect Act Provisions

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) 18 U.S.C. § 3583(e)(3) | 12 - 18 months U.S.S.G. § 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 5 years to life 18 U.S.C. 3583(h) | 5 years to life U.S.S.G. § 5D1.2(b)(2) | No recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G. § 7B1.3(a)(1), upon a finding of a Grade A or B violation, the Court shall revoke probation or supervised release.

Respectfully Submitted,

Donna Jackson
U.S. Probation Officer

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Fabian M Formosa

2. **Docket Number** *(Year-Sequence-Defendant No.)* 3:11-00162

3. **District/Office** MDTN/ Nashville

4. **Original Sentence Date** 05 / 04 / 12
                             month   day   year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall refrain from unlawful use of controlled substances | C |
| Shall not illegally possess a controlled substance | C |
| Shall not commit another federal, state, or local crime | C |
| Shall notify probation officer 10 days prior to change of residence | C |
| Shall not associate with persons engaged in criminal activity | C |
| Shall continue to register as a sex offender as prescribed by law | C |
| Shall not commit another federal, state, or local crime | B |
| Shall not commit another federal, state, or local crime | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    **B**

9. **Criminal History Category** *(see §7B1.4(a))*    **IV**

10. **Range of Imprisonment** *(see §7B1.4(a))*    **12 - 18** months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[X] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Fabian M Formosa

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   Restitution($) _____     Community Confinement  15 months

   Fine($)        _____     Home Detention          _____

   Other          _____     Intermittent Confinement _____

13. **Supervised Release**

   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: _____ to _____ years

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

   Period of supervised release to be served following release from  5 years to life less
   imprisonment:

14. **Departure**

   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002